IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD JACKSON,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | 2:21-CR-00363-CCW-1<br>Related to: Civil Action No. 2:23-cv-00647-CCW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se Petitioner Leonard Jackson's Amended Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, ECF No. 76, filed at Criminal Action No. 21-363 and Civil Action No. 23-647. Mr. Jackson's Amended Motion will be denied for the reasons set forth below.

## I. Background

The Court writes only for the parties, and therefore sets forth only those facts that are necessary to resolve Mr. Jackson's Motion. Mr. Jackson was charged with one count of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). ECF No. 3. On November 5, 2021, the United States filed an Information Charging Prior Offense, which detailed Mr. Jackson's prior convictions for serious drug felonies, and triggered the enhanced sentencing provisions of 21 U.S.C. § 851. ECF No. 36. The 851 Information identified as predicate convictions Mr. Jackson's three 2012 federal convictions in the Western District of Pennsylvania at Criminal Action No. 11-122 for possession with intent to distribute and distribution of cocaine (Counts 3 and 4) and conspiracy to possess with intent to distribute and distribution of cocaine (Count 7). ECF No. 36; *see also* Criminal Action No. 11-

122 at ECF Nos. 12 (Indictment); 224 (confirming plea entered as to Counts 3, 4, and the lesser included offense at Count 7); and 329 (Judgment entered on lesser included offense at Count 7 of "conspiracy to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.").

On December 21, 2021, Mr. Jackson elected to plead guilty, pursuant to a plea agreement with the United States. ECF No. 41-1. In the plea agreement, Mr. Jackson waived his right to file a motion to vacate sentence under 28 U.S.C. § 2255. *Id.* ¶ A.9. He also confirmed his understanding that the United States reserved the right to file an information pursuant to 21 U.S.C. § 851, *see id.* ¶ A.7, which it in fact had done, *see* ECF No. 36. And Mr. Jackson specifically stipulated in the plea agreement that he committed his offense after a prior conviction for a serious drug felony, as defined in 21 U.S.C. § 802(57), became final. ECF No. 41-1 ¶ C.3.

During the plea hearing, the Court found Mr. Jackson's plea to be both knowing and voluntary, and it accepted his guilty plea. *See generally* ECF No. 87. On May 25, 2022, the Court sentenced Mr. Jackson to 120 months imprisonment, which was the statutory mandatory minimum term required by 21 U.S.C. § 851. ECF No. 64. Mr. Jackson did not appeal.

Mr. Jackson filed a pro se § 2255 motion, and following the Court's *Miller* notice, filed an Amended Motion on June 9, 2023. ECF Nos. 71, 75, 76. The United States responded, ECF No. 86, and Mr. Jackson's Amended Motion is now ripe for disposition.

## II. There is No Need for an Evidentiary Hearing

The Court does not need to hold an evidentiary hearing on a § 2255 motion if the record conclusively shows that the petitioner is not entitled to relief. *United States v. Ritter*, 93 F. App'x 402 (3d Cir. 2004); 28 U.S.C. § 2255. Under this standard, a hearing is not necessary in this case.

## III. Legal Analysis

Mr. Jackson's Amended Motion asserts three claims: (1) that a prior federal conviction for conspiracy to distribute cocaine cannot serve as a predicate for enhancing his sentence under 21 U.S.C. § 851, because the Controlled Substances Act no longer includes ioflupane; (2) that his counsel provided ineffective assistance by failing to assert error when Mr. Jackson's sentence was allegedly enhanced based on a prior "attempt" offense, specifically "attempted possession and distribution of cocaine;" and (3) that his counsel provided ineffective assistance by "failing to object to the presentence report's § 851 enhancement and the contents of the drugs." ECF No. 76 at 4, 5, 14.[1]

The United States responds that the collateral attack waiver in the plea agreement forecloses most of Mr. Jackson's claims, and that the remaining ineffective assistance of counsel claim must also be denied because it states only vague and conclusory allegations. ECF No. 86 at 4–9.

### A. The Collateral Attack Waiver in Mr. Jackson's Plea Agreement Bars the Majority of his Claims

The Court finds that the collateral attack waiver in Mr. Jackson's plea agreement is enforceable and bars all of Mr. Jackson's claims except his ineffective assistance-of-counsel claim.

In his plea agreement, Mr. Jackson waived "the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." ECF No. 41-1 ¶ A.9. This collateral

[1] Mr. Jackson's original Petition similarly alleged that (1) his prior conviction for conspiracy to distribute cocaine could not serve as a predicate to enhance his sentence pursuant to 21 U.S.C. § 851 because the CSA no longer includes ioflupane, and (2) his attorney was ineffective because his sentence was enhanced due to a prior conviction for the inchoate crime of attempt. ECF No. 71 at 4, 5.

attack waiver does not, however, prevent Mr. Jackson from bringing "a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." *Id.*

Waivers of appeal rights, including collateral attack waivers, are enforceable if they are "entered into knowingly and voluntarily" and do not "work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008), *abrogated in part on other grounds by Garza v. Idaho*, 586 U.S. 232 (2019). Mr. Jackson does not challenge the knowing and voluntary nature of his waiver, nor does he assert that enforcing the waiver would work a miscarriage of justice. *See* ECF Nos. 71, 76. Nevertheless, the Court is independently obligated to evaluate the waiver's validity. *Mabry*, 536 F.3d at 237. Accordingly, before enforcing the collateral attack waiver, the Court will examine the record to ensure that the waiver was knowing and voluntary, and that its enforcement will not work a miscarriage of justice.

With respect to the knowing and voluntary nature of Mr. Jackson's waiver, the Court has reviewed the terms of the parties' plea agreement, ECF No. 41-1, and the transcript from the December 21, 2021 change-of-plea hearing, ECF Nos. 41, 87. First, both parties signed the written plea agreement which explicitly states that "Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." ECF No. 41-1 ¶ A.9. And at the change-of-plea hearing, the Court engaged in the following dialogue with Mr. Jackson:

> **Court**: In addition, in your plea agreement, you're waiving your right to file any collateral attack on your conviction or sentence; and that would include a motion to vacate your sentence under Title 28 of the United States Code, Section 2255. Do you understand that, as well?
>
> **Defendant**: Yes, Your Honor.

ECF No. 87 at 23:12–24.  After questioning Mr. Jackson during the change-of-plea hearing, the Court found him "competent and capable of entering an informed plea," and concluded that his guilty plea was both "knowingly and voluntarily made." *Id.* at 35:11–17.  In light of the foregoing, and in the absence of any evidence or argument from Mr. Jackson to the contrary, the Court finds that Mr. Jackson's waiver was knowing and voluntary.  *See United States v. Parker*, 793 Fed. App'x 64, 67–68 (3d Cir. 2019) (finding that the discussion at the petitioner's plea hearing "sufficiently counteracts his claim that the collateral challenge waiver was not knowing and voluntary.").

Next, the Court examines whether enforcing Mr. Jackson's collateral attack waiver would work a miscarriage of justice.  A miscarriage of justice is "something grave and out of the ordinary." *Mabry*, 536 F.3d at 239.  The Third Circuit has adopted a "common sense approach" to this inquiry, and has suggested that courts consider several factors, including:

> the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Mabry*, 536 F.3d at 242–43.  The Third Circuit has also noted that it is "possible for there to be a miscarriage of justice when 'plea proceedings were tainted by ineffective assistance of counsel.'" *United States v. Akbar*, 181 Fed. App'x 283, 286 (3d Cir. 2006) (citing *United States* v. *Teeter*, 257 F.3d 14, 25 n.9 (1st Cir. 2001)).  However, "a waiver does not become unenforceable simply because a defendant claims ineffective assistance, but only if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious." *Akbar*, 181 Fed. App'x at 286–87 (cleaned up).  More generally, the Third Circuit has made clear that "it is not enough that an issue is meritorious; after all, appellate waivers are

intended to preclude review not just of frivolous questions, but of difficult and debatable legal issues we would otherwise consider." *United States v. Grimes*, 739 F.3d 125, 130 (3d Cir. 2014) (cleaned up).

Here, the Court does not perceive error, let alone a clear, grave error that would constitute a miscarriage of justice. Nor do Mr. Jackson's allegations regarding ineffective assistance warrant invalidating his waiver. As in *Akbar*, Mr. Jackson does not claim that the waiver itself was the product of ineffectiveness or, stated differently, he does not claim that he received ineffective assistance of counsel during plea negotiations. Rather, the core of Mr. Jackson's arguments is that his sentence should not have been enhanced based on the 851 Information. But Mr. Jackson acquiesced to those enhancements by acknowledging in his plea agreement the United States' right to file an 851 Information, and expressly stipulating that he had a qualifying predicate offense. For these reasons, and those set forth in the United States' Response at ECF No. 86, which is incorporated by reference into this ruling, Mr. Jackson has failed to show that enforcing the waiver will cause a miscarriage of justice. Accordingly, the waiver is effective, and it bars all of Mr. Jackson's claims except for his ineffective assistance-of-counsel claim.

**B.     Mr. Jackson's Ineffective Assistance-of-Counsel Claim Fails**

Mr. Jackson contends that his counsel was ineffective in two ways: (1) because his sentence was allegedly enhanced due to a prior conviction for the inchoate crime of attempt, ECF No. 71 at 4, 5; and (2) for "failing to object to the presentence report's § 851 enhancement and the contents of the drugs," ECF No. 76 at 14. The United States responds that Mr. Jackson's allegations of ineffectiveness should be summarily dismissed as vague, or even if not vague, for a variety of other reasons. ECF No. 86.

Ineffective assistance-of-counsel claims are reviewed under the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 688. When evaluating this prong, the Court must be "highly deferential" to counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the petitioner must show prejudice, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* To obtain relief under *Strickland*, the petitioner must establish both deficient performance and prejudice, and when petitioner's claim fails on one prong, the Court need not examine the other. *United States v. Cannon*, No. 14-213, 2021 WL 140841, at *3 (W.D. Pa. Jan. 15, 2021) (Hornak, C.J.).

Mr. Jackson cannot satisfy the *Strickland* test. First, he contends that his counsel should have challenged the 851 Information because the Controlled Substances Act no longer includes ioflupane. ECF No. 76 at 15–17. He cannot show prejudice for this prong because he does not allege ineffectiveness of counsel during plea negotiations, and in his plea agreement, he expressly stipulated to having a serious prior felony that was a predicate for the 851 enhancements. In essence, Mr. Jackson agreed to the sentencing enhancement that he now argues his counsel should have challenged. Because Mr. Jackson cannot show prejudice, the Court need not address the error prong of the analysis.

Mr. Jackson's second ineffectiveness argument also fails. He asserts that his attorney was ineffective because the sentence Mr. Jackson received was allegedly enhanced for the commission

of the inchoate crime of "attempt." ECF No. 76 at 5. The cases Mr. Jackson cites, however, appear to relate to whether particular predicate convictions constitute "controlled substance offenses" for purposes of determining whether a defendant is a career offender under § 4B1.1 of the Guidelines. Here, Mr. Jackson was not deemed to be a career offender and his sentence was not enhanced on that basis. *See generally* ECF No. 51. Therefore, his counsel did not err, and there was no prejudice to Mr. Jackson for purposes of the *Strickland* analysis.

**IV. Conclusion**

Consistent with the foregoing, Petitioner's 2255 Motion is DISMISSED in all respects except for his ineffective assistance-of-counsel claim and is DENIED with respect to the ineffective assistance-of-counsel claim. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED this 27th day of June, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

Leonard Jackson

*Pro se*
No. 33247-068
Morgantown Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507